UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC. and CISCO TECHNOLOGY, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>WUHAN WOLON COMMUNICATION TECHNOLOGY CO., LTD. and WUHAN WOLON CLOUD NETWORK COMMUNICATION TECHNOLOGY CO., LTD.,<br><br>Defendants. | Case No. 5:21-cv-04272-EJD<br><br>**ORDER GRANTING PLAINTIFFS CISCO SYSTEMS, INC. AND CISCO TECHNOLOGY, INC.'S MOTION FOR PRELIMINARY INJUNCTION** |

On June 3, 2021, upon a motion by Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. (collectively, "Cisco") (*see* ECF No. 5), the Court issued a Temporary Restraining Order ("TRO") and an Order to Show Cause ("OSC") why a preliminary injunction should not also be issued enjoining Defendants Wuhan Wolon Communication Technology Co., Ltd and Wuhan Wolon Cloud Network Communication Technology Co., Ltd., and their owners, principals, agents, officers, directors, members, servants, employees, successors, assigns, and all other persons in concert and participation with them (collectively, the "Restrained Parties") from actions relating to their alleged counterfeiting and infringement of Cisco's trademarks, among other things, and enjoining financial institutions, eCommerce websites, domain name registrars, Internet search engines, and common carriers (collectively, "Third Parties") from providing related services to Defendants, among other things. *See* ECF No. 24, attached and incorporated herein as **Exhibit A**. In compliance with such Order, on June 28, 2021, Cisco served Defendants by email with, among other things, the Complaint, Cisco's Motion and supporting papers, and the Court's TRO and OSC as to Cisco, including notice of the requirement that Defendants respond to the OSC by June 29, 2021 and notice of the hearing set for July 1, 2021. *See* ECF No. 29.

Despite receiving notice of the requirement to respond to the OSC, Defendants filed no response.

The Court held a hearing on the OSC on July 1, 2021, at which Plaintiffs were represented by Stephen Steinberg. Despite receiving notice of the hearing, Defendants failed to appear.

Having considered Cisco's Motion and Memorandum in support thereof (*see* ECF No. 5), the Declarations of the First, Second, and Third Witnesses in Support of Cisco's Motion and exhibits thereto (*see* ECF Nos. 11-13), and the arguments by Cisco's counsel at the hearing on the OSC on July 1, 2021, the Court hereby affirms its prior findings of fact and legal conclusions set forth in the Court's TRO. *See* ECF No. 24, attached and incorporated herein as **Exhibit A**. Thus, for the reasons set forth in the Court's TRO, the Court hereby issues a preliminary injunction enjoining the Restrained Parties and the Third Parties as set forth below, pending entry of the final judgment in this action.

**A. Preliminary Injunction**

Pending entry of the final judgment in this action, Defendants and their owners, principals, agents, officers, directors, members, servants, employees, successors, assigns, and all other persons in concert and participation with them (collectively, the "Restrained Parties") shall be restrained from:

1. Purchasing, selling, distributing, marketing, manufacturing, or otherwise using any of the CISCO Marks (as defined below), whether counterfeit or authentic, or any marks confusingly similar thereto in connection with the manufacture, sale, offer for sale, distribution, advertisement, or any other use of counterfeit or authentic Cisco products. The "CISCO Marks" are:

- "CISCO" (U.S. Trademark Reg. Nos. 1,542,339; 2,498,746; 3,709,076; 3,978,294; 3,985,844; 3,990,147; 4,005,670)

- cisco (U.S. Trademark Reg. No. 3,759,451);

2. Using any logo, trade name, or trademark confusingly similar to any of the CISCO Marks which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of any or all of the Restrained Parties or others are sponsored by, authorized by, or in any way associated with Cisco;

3. Infringing any of the CISCO Marks;

4. Otherwise unfairly competing with Cisco in the manufacture, sale, offering for sale, distribution, advertisement, or any other use of Cisco products;

5. Falsely representing Defendants as being connected with Cisco or sponsored by or associated with Cisco or engaging in any act which is likely to cause the trade, retailers, and/or members of the purchasing public to believe that any or all of the Restrained Parties are associated with Cisco;

6. Using any reproduction, counterfeit, copy, or colorable imitation of any of the CISCO Marks in connection with the publicity, promotion, sale, or advertising of counterfeit Cisco products;

2                           Case No. 5:21-cv-04272-EJD
ORDER GRANTING CISCO'S MOTION FOR PRELIMINARY INJUNCTION

7. Affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being Cisco products and from offering such goods in commerce;

8. Diluting any of the CISCO Marks;

9. Removing from its premises, or discarding, destroying, transferring, or disposing in any manner any information, computer files, electronic files, business records (including but not limited to e-mail communications), or other documents relating to Defnedants' assets and operations or relating in any way to the purchase, sale, manufacture, offer for sale, distribution, negotiation, importation, advertisement, promotion, or receipt of any products purporting to be Cisco; and

10. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (9) above.

**B.    Freezing Defendants' Assets**

Pending entry of the final judgment in this action, Defendants shall be restrained from secreting any assets, and from transferring or conveying any assets held by, for, or on account of any of the Restrained Parties, and a full accounting of the restrained assets shall be provided to counsel for Cisco within three business days of receipt of this Order.

1. Pending entry of the final judgment in this action, all assets and funds held by, for, or on account of any of the Restrained Parties, or in an account owned or controlled by any of the Restrained Parties, or in an account as to which any of the Restrained Parties has signature authority, shall be frozen and restrained, and a full accounting of the restrained assets shall be provided to counsel for Cisco within three business days of receipt of this Order.

2. Pending entry of the final judgment in this action, any bank, brokerage house, financial institution, credit card association, merchant account provider, escrow service, savings and loan association, payment provider, payment processing service provider, money transmission service, third-party processor, or other financial institution (including, but

       not limited to, MasterCard, VISA, American Express, Discover, PayPal, Inc., Alipay, Wish.com, Amazon Pay, WeChat Pay, and any correspondent, issuing, or member bank or account) (collectively, "Payment Services") holding any assets by, for, or on account of, or any balance, payable, or receivable owed to or held on account of, any of the Restrained Parties, or in an account as to which any of the Restrained Parties has signature authority, including but not limited to China Construction Bank, CITIBANK N.A., and AliPay, shall locate all accounts and funds, whether located inside or outside the United States, connected to any Restrained Parties and be restrained from releasing such funds until further order of this Court, and within three business days of receipt of this Order shall provide to counsel for Cisco a full accounting of the restrained assets.

3. Pending entry of the final judgment in this action, any eCommerce Website, retailer, wholesaler, fulfillment center, warehouse, or any business or individual that has any money, property, or inventory owned by, or receivable owed to, any Restrained Party shall hold such money, property, inventory, or receivable until further order of this Court, and shall within three business days of receipt of this Order provide to counsel for Cisco a full accounting of all money, property, inventory, and receivables being held.

C.     eCommerce Websites

Pending entry of the final judgment in this action, any Internet store or online marketplace platform, including, but not limited to, iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, Facebook, and Dhgate (collectively, "eCommerce Websites") shall disable and be restrained from providing any services or payment to any Restrained Party, currently or in the future, in relation to any Cisco-marked product and/or product advertised using the CISCO Marks, including fulfillment of any pending orders; transfer to Cisco's control any seller identifications (including, but not limited to, the seller identifications identified in Exhibit A to the Decl. of Third Witness, ECF No. 8, pp. 11-18) associated with any of the Restrained Parties' advertisement, offer for sale, or sale of Cisco-marked products and/or using the CISCO Marks, pending final hearing and determination of this action; disable and be restrained from displaying any advertisements used by

or associated with any Restrained Party in connection with the advertisement, offer for sale, or sale of Cisco-marked products or otherwise using the CISCO Marks; disable access to any Restrained Party from any platform (including, but not limited to, direct, group, seller product management, vendor product management, and brand registry platforms) of any listings and associated images of Cisco-marked products or otherwise using the CISCO Marks (including, but not limited to, any listings and associated images identified by the "parent" or "child" Amazon Standard Identification Numbers ("ASIN"), and any other listings and images of products associated with any "parent" or "child" ASIN linked to any Restrained Party or linked to any other alias of a Restrained Party being used or controlled to offer for sale products using the CISCO Marks); remove links to any online marketplace accounts on which Defendants advertise, offer for sale, or sell Cisco-marked products and/or products advertised using the CISCO Marks; take all steps necessary to prevent links to Defendants' online marketplace accounts from displaying any Cisco-marked product and/or product advertised using the CISCO Marks in search results; and within three business days of receipt of this Order provide to counsel for Cisco a statement certifying compliance with the requirements of this paragraph.

### D.     Domain Names

Pending entry of the final judgment in this action:

1. Any registrar for any domain names owned, operated, or controlled by, or otherwise associated with, any Restrained Party (including, but not limited to, wolonte.com) (collectively, "Domain Names"), shall disable and be restrained from providing any services to any Restrained Party, currently or in the future, in relation to any Cisco-marked product and/or product advertised using the CISCO Marks; deposit with a registrar of Cisco's choosing the domain certificates of any domain names owned, operated, or controlled by, or otherwise associated with, any Restrained Party pending final hearing and determination of this action; be restrained from transferring use and control of any of the Domain Names to any individual or entity other than a registrar of Cisco's choosing; take all steps necessary to prevent Defendants from displaying any Cisco-marked product and/or product advertised using the CISCO Marks on any

domain name in the registrar's possession, custody, or control; and within three business days of receipt of this Order provide to counsel for Cisco a statement certifying compliance with the requirements of this paragraph.

2. The Restrained Parties shall be restrained from modifying control of or transferring use and control of any of the Domain Names.

### E. Internet Search Engines

Pending entry of the final judgment in this action, any Internet search engine, web host, sponsored search engine, or ad-word provider (including, but not limited to Google, Bing, Baidu, and Yahoo) (collectively, "Internet Search Engines") shall deindex, delist, or otherwise remove from its index and search results any URL owned, controlled, or otherwise associated with any Restrained Party's advertisement, offer for sale, or sale of Cisco-marked products and/or products advertised using the CISCO Marks (including, but not limited to, the URLs identified in Exhibit A to the Decl. of Third Witness, ECF No. 8, pp. 11-18); disable and be restrained from providing any services to any Restrained Party, currently or in the future, in relation to the advertisement, offer for sale, or sale of Cisco-marked products and/or products advertised using the CISCO Marks; disable and be restrained from displaying any advertisements used by or associated with any Restrained Party in connection with the advertisement, offer for sale, or sale of Cisco-marked products and/or otherwise using the CISCO Marks; remove links to any of Defendants' online marketplace accounts owned, operated, or controlled by, or otherwise associated with, any Restrained Party in connection with the advertisement, offer for sale, or sale of Cisco-marked products and/or products advertised using the CISCO Marks (including, but not limited to, the URLs identified in Exhibit A to the Decl. of Third Witness, ECF No. 8, pp. 11-18); take all steps necessary to prevent links to Defendants' online marketplace accounts from displaying any Cisco-marked product and/or product advertised using the CISCO Marks in search results; and within three business days of receipt of this Order provide to counsel for Cisco a statement certifying compliance with the requirements of this paragraph.

**F.      Common Carriers**

Pending entry of the final judgment in this action, any person or company that transports or provides transportation services (including, but not limited to, United Parcel Service a/k/a UPS, FedEx, DHL, and any of their subsidiaries in the U.S. or abroad) (collectively, "Common Carriers") shall be restrained from fulfilling any shipments, accepting any shipments, or otherwise providing any services to any of the Restrained Parties, and within three business days of receipt of this Order shall provide to counsel for Cisco a statement certifying compliance with the requirements of this paragraph.

**G.      Sequestration and Inspection of Cisco-Marked Products and Products Advertised Using the CISCO Marks**

Pending entry of the final judgment in this action:

1. The Restrained Parties shall sequester and deliver to counsel for Cisco all Cisco-marked products and/or products advertised using the CISCO Marks in their inventory, possession, custody, or control to be examined and held by Cisco until further order of this Court.

2. Any eCommerce Website (as defined above) or Common Carrier shall sequester and deliver to counsel for Cisco all Cisco-marked products and/or products advertised using the CISCO Marks offered for sale by any Restrained Party that are in its possession, custody, or control to be examined and held by Cisco until further order of this Court.

**H.      Expedited Discovery**

Defendants, the Restrained Parties, and the Third Parties subject to the Court's TRO and preliminary injunction remain obligated to produce expedited discovery to Cisco as set forth in the Court's TRO (*see* ECF No. 24, attached and incorporated herein as **Exhibit A**), to the extent they have not already done so.

IT IS SO ORDERED.

DATED: July 2, 2021

_____
United States District Judge